**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Nails, | No. CV-24-03065-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| National University, et al., | |
| Defendants. | |

Before the Court is Plaintiff Angela Nails' *pro se* complaint (Doc. 1) and application for leave to proceed *in forma pauperis* ("IFP") (Doc. 2). For the reasons that follow, the Court will grant Plaintiff's IFP application, but dismiss the Complaint with prejudice.

## I.    IFP APPLICATION

A party who files an action in federal district court must generally pay a filing fee. 28 U.S.C. § 1914(a). Indigent plaintiffs, however, may apply for a fee waiver. 28 U.S.C. § 1915. A court must determine whether the litigant is unable to pay the filing fee before granting leave to proceed IFP. *See* 28 U.S.C. § 1915(a)(1).

Plaintiff submitted an IFP application under penalty of perjury, representing that she is financially unable to pay the filing fee. (Doc. 2.) The Court finds Plaintiff's income, assets, and expenses set forth in the application indicates that Plaintiff is financially unable to pay the filing fee. Therefore, the Court will grant Plaintiff's application for IFP status.

. . . .

. . . .

1

## II.   STATUTORY SCREENING OF IFP COMPLAINTS

2
3
4
5
6
7

The Court is required to screen complaints brought *in forma pauperis*.*
28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint, or portion thereof, if a
plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim
upon which relief may be granted, or that seek monetary relief from a defendant who is
immune from such relief. *Id.* The Court is to apply standards set forth in the Federal Rules
of Civil Procedure.

8
9
10
11
12
13

Under Rule 8, a pleading must contain a "short and plain statement of the claim
showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does
not demand detailed factual allegations, "it demands more than an unadorned,
the-defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009). "Threadbare recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice." *Id.*

14
15
16
17
18
19
20
21

A plaintiff must also meet the pleading requirements of Rule 12, Fed. R. Civ. P.
Under Rule 12, "a complaint must contain sufficient factual matter, accepted as true, to
'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v.
Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual
content that allows the court to draw the reasonable inference that the defendant is liable
for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim
for relief [is] . . . a context-specific task that requires the reviewing court to draw on its
judicial experience and common sense." *Id.* at 679.

22
23
24
25
26
27

The Court is also mindful that it is to "construe *pro se* filings liberally." *Hebbe v.
Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be
held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). If the district court determines that a pleading
might be cured by allegations of other facts, a *pro se* litigant is entitled to an opportunity
to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122,

28

---

*Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

1    1127-29 (9th Cir. 2000) (en banc).

2    **III.    DISCUSSION**

3         Plaintiff has filed this action against Defendant National University, "aka North

4    Central University" (the "University"); Unknown Party named as Professor Cory; and

5    Unknown Party named as Professor Melodi Guilbault. (Doc. 1 at 1.) Plaintiff alleges she

6    was enrolled in a business graduate course through the University and had "five courses

7    until completion and having a finial[sic] degree." (*Id.*) Plaintiff then transferred from the

8    business program "into the education department." (*Id.*) Although lacking in clarity,

9    Plaintiff seems to allege she had an outstanding tuition balance of $12,000, which

10    prevented her from transferring to the education degree program. (*Id.*) Plaintiff asserts she

11    "was not given the proper reviews nor was there any refunds." (*Id.*)

12         Plaintiff further alleges she was enrolled in a "CMP Course which is a beginner

13    course every Doctoral Student takes." (*Id.* at 2.) She asked the Defendant who instructed

14    the course whether the weekly assignments were graded, to which the Defendant

15    represented "none of the course work would earn a grade" and "no assignments could be

16    resubmitted without permission." (*Id.*at 2-3.) Plaintiff alleges she received an "F" in the

17    course, and she was not allowed to resubmit her assignments. (*Id.*at 3-4.) Plaintiff states

18    the Defendant "makes up the Defendant own grading system," which mislead her. (*Id.*

19    at 4.) Plaintiff seeks "[c]ompensation, punitive and harassment the damages $150,000,000"

20    against Defendants, as she "is not able to attend future educational program courses and is

21    forced to sign a balance repayment." (*Id.* at 5.)

22         Plaintiff previously filed a similar complaint with this court on January 18, 2024.

23    *See Nails v. Nat'l Univ.*, No. 2:23-CV-02374-DJH, 2024 WL 199183 (D. Ariz. Jan. 18,

24    2024). There, Plaintiff alleged violations of "title IV," which the court liberally construed

25    as a "claim for financial aid under Title IV of the Higher Education Act of 1965, 20 U.S.C.

26    § 1070 (2000), *et seq.* ('HEA')." *Id.* at *2. The court dismissed Plaintiff's complaint with

27    prejudice, explaining:

28              [T]he Ninth Circuit has clarified that "there is no express right
          of action under the HEA except for suits brought by or against

the Secretary of Education." *Parks Sch. of Bus.*, 51 F.3d at 1484 (citing 20 U.S.C. § 1082(a)(2)). Plaintiff is therefore barred as a matter of law from bringing an HEA action against [Defendants].

*Id.* Similarly, the only cognizable claim Plaintiff alleges in this case are purported violations of "title IV" (Doc. 1 at 1), which this court has already told Plaintiff, fails to state a claim for relief as a matter of law.

Therefore, and after reviewing Plaintiff's Complaint, her litigation history in this Court, and the standards established in 28 U.S.C. § 1915(e)(2), the Court will dismiss Plaintiff's Complaint without leave to amend.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's IFP Application (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with prejudice.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter a judgment of dismissal and close this case.

Dated this 22nd day of November, 2024.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge