**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Nails, | No. CV-24-03065-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| National University, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Re-Open Case (Doc. 8) and renewed application for leave to proceed *in forma pauperis* ("IFP") (Doc. 9).

**I.**

On November 22, 2024, the Court dismissed Plaintiff's complaint without leave to amend. (Doc. 5.) There, the Court explained that Plaintiff's claim for violations of "title IV" failed to state a claim for relief as a matter of law because there is no express right of action under Title IV of the Higher Education Act. (*Id.*)

The pending motion titled "Statutory Response to Re-Open" asserts this Court has federal question jurisdiction "to address title IV government grievance financial service" and diversity jurisdiction as the parties are diverse and the "complaint is valued at $75,000.000.00." (Doc. 8 at 1.) Plaintiff alleges that in "February and March 2025 there was discussion between the parties"—presumably Plaintiff and National University—"to remove any debt," which would enable Plaintiff to enroll in online classes and complete her "Business Doctor Degree." (*Id.*) Attached to the motion is an email from the

Department of Veterans Affairs regarding Plaintiff's benefits (Doc. 8 at 4) and a notification concerning Plaintiff's Social Security benefits (Doc. 8 at 5).

**II.**

The Court is unable to determine whether the present motion is a motion for reconsideration, a Rule 59 motion to amend a judgment, or a Rule 60 motion for relief from the final judgment.

If the first or the second, the motion fails as untimely. Motions for reconsideration are governed by Local Rule of Civil Procedure 7.2(g), requiring that "any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2). And "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court docketed the Order and Judgment dismissing this case on November 22, 2024. (Docs. 5, 6.) Plaintiff's motion was docketed 118-days later, on March 20, 2025. (Doc. 8.) This greatly exceeds the time permitted under LRCiv 7.2(g)(2) and Rule 59(e).

Even then, reconsideration is appropriate "only in highly unusual circumstances," where the "court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Morris v. Thornell*, 737 F. Supp. 3d 751, 753-54 (D. Ariz. 2024) (citation omitted); *see also McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (reciting the same legal standard in adjudicating a Rule 59(e) motion). Plaintiff's motion fails to address how reconsideration is warranted and instead renews her claim under "Title IV," which the Court has already informed Plaintiff—on multiple occasions—fails to state a claim for relief as a matter of law.

Lastly, if the Court were to construe Plaintiff's motion as a Rule 60(b) motion, it also fails on the merits. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff does not identify which subsection of Rule 60(b) applies. Liberally construing the motion, the Court finds that the only plausibly applicable subsections are (b)(1) and (b)(6). As to (b)(1), Plaintiff merely reiterates her "title IV" claim but does not otherwise argue the Court erred in dismissing her complaint because "there is no express right of action under the [Higher Education Act] except for suits brought by or against the Secretary of Education." (Doc. 5 at 3-4 (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).) And Plaintiff has not identified any "extraordinary circumstances" that would justify reopening a final judgment under Rule 60(b)(6). *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

In sum, Plaintiff's motion will be denied, as Plaintiff does not explain how she is entitled to the requested relief.

### III.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Re-Open Case (Doc. 8) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Doc. 9) is **denied as moot**.

Dated this 8th day of April, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge